IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CLYDE JOE PARKER** | § | |
|    TDCJ-CID #1154103 | § | |
| | § | |
| **VS.** | § | **C.A. NO. C-06-434** |
| | § | |
| **KELLI WARD, ET AL.** | § | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
AND PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Pending are: (1) defendants' motion for protective order (D.E. 94); and (2) plaintiff's motion to compel discovery (D.E. 100). For the reasons stated herein, defendants' motion is granted in part, and denied in part, and plaintiff's motion is granted in part.

**I.     Procedural background and plaintiff's allegations.**

Plaintiff filed this civil rights action on October 2, 2006, against certain McConnell Unit officers and officials alleging deliberate indifference to his serious medical needs, failure to protect, and retaliation. (D.E. 1). A Spears[1] hearing was conducted on January 25, 2007. Thereafter, plaintiff filed two supplements to his complaint (D.E. 21, 25), wherein he clarified his claims and moved to voluntarily dismiss certain claims and defendants. On July 13, 2007, it was recommended that plaintiff's failure to protect and deliberate indifference

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

to serious medical needs claims be retained and service ordered on certain defendants. On August 24, 2007, the Court adopted the recommendation.[2]

Plaintiff suffers from high blood pressure that must be monitored continually. He has a medical lay-in pass instructing prison security to escort him to the infirmary several times a week so that his blood pressure may be taken and his medications reviewed or modified as necessary.

Plaintiff claims that during September and October, 2005, Officer Gutierrez, Officer Rangel, Officer Quiroz, Officer Diaz, Officer Ogden, and Officer Hinojosa[3], refused to take him for blood pressure monitoring or scheduled medical appointments in deliberate indifference to his serious medical needs. He claims that, as a result of defendants' actions, his high blood pressure was not controlled, causing him to suffer adverse health consequences.

Plaintiff further alleges that Warden Jackson, Mr. Retzloff, Ms. Castro, and unidentified members of the State Unit Classification Committee ("UCC") were deliberately indifferent to his safety when they denied him safe-keeping status. After receiving threats from Blood and Crip gang members, Plaintiff was attacked by an inmate in the rec yard in January 2006. Thereafter, a McConnell UCC recommended that plaintiff be granted safe-

---

[2] Plaintiff filed an objection to the recommendation, but objected to point out that he was suing defendants in their individual capacities only. (D.E. 31).

[3] During the process of clarifying the identities of some of the names of the defendants have changed slightly, as plaintiff initially identified the defendants based upon his memory, and/or spelled their names phonetically. The defendants are now referred to by their correct name and corrected spelling.

keeping status, but the State UCC in Huntsville did not adopt the recommendation. On February 22, 2006, a classification hearing was held before Warden Jackson, Mr. Retzloff, and Ms. Castro. Plaintiff told defendants that he was at risk for physical violence from gang members and also, that Officer Hinojosa had put a "hit" on him. However, his request for safe-keeping was denied, and on March 6, 2006, he was assaulted by his cell-mate who placed a lock in a sock, and beat him about the face. Plaintiff required six stitches above his eyebrow as a result of the attack.

## II.    Discovery dispute.

Defendants maintain that they need not engage in discovery because they have raised the defense of qualified immunity, and they seek a protective order "based upon their entitlement to qualified immunity."[4] (D.E. 94). In turn, plaintiff has filed a motion to compel defendants' counsel to answer interrogatories that were served on February 29, 2008. (D.E. 100).

## III.    Discussion.

### A.    Qualified immunity.

Having raised the qualified immunity defense, defendants are protected from certain discovery pending resolution of the qualified immunity issue. See generally Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). However, plaintiff has satisfied the requirements of § 1915A, in that he has stated facts that,

---

[4] Defendants do not identify any specific discovery request from which they seek protection, nor do they offer any substantive objections as to any discovery requests, such as too broad in scope, privileged, or the like.

if found to be true, state a claim under § 1983. (See D.E. 31). Moreover, for the reasons discussed in the recommendation to retain case (D.E. 31), plaintiff's pleadings assert facts, which if true, are sufficient to overcome defendants' entitlement to qualified immunity. As such, plaintiff is entitled to limited discovery on the issue of qualified immunity. Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994). See also Enlow v. Tishomingo County, Miss., 962 F.2d 501, 505 (5th Cir. 1992) ("generally, questions regarding qualified immunity are resolved on the face of the pleadings and with limited, if any, resort to pretrial discovery); Lion Boulos v. Wilson, 834 F.2d 504, 507 (5th Cir. 1987) (allowing discovery on factual issues central to a defendant's immunity claim).

The qualified immunity determination involves a two-step analysis: first, "'whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right.'" Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003) (quoting Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001)). If a constitutional violation is alleged, the Court must next determine "whether the right was clearly established – – that is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 624.

The threshold question in a qualified immunity analysis is whether a constitutional right would have been violated on the facts alleged. Saucier v. Katz, 533 U.S. 194, 200 (2001). Here, it was previously determined that, taking plaintiff's facts as true, he had adequately stated Eighth Amendment deliberate indifference claims against defendants. (See D.E.29). To state a claim of deliberate indifference, the plaintiff must demonstrate that

prison officials be both aware of specific facts from which the inference could be drawn that a serious risk to an inmate's health or safety need exists, and then the prison official, perceiving the risk, must deliberately fail to act. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Indeed, as to his medical claims, plaintiff demonstrated that he suffered from a serious medical condition, high blood pressure, and was under doctors' orders to have his blood pressure monitored, but defendants, who were aware of his serious medical need, refused to take him to the infirmary, despite plaintiff's lay-in pass authorizing the escort, and despite plaintiff's reporting of adverse symptoms, and his allegation of lasting injury. Similarly, as to his failure to protect claims, plaintiff demonstrated that he received threats from gang members, that he was assaulted in January, and that the McConnell UCC in February 2006 recommended safe-keeping status. However, defendants, despite having this information, denied his request. First, the State UCC denied the McConnell Unit recommendation, and then, Warden Jackson, Mr. Retzloff and Ms. Castro denied his request, following which, he was again assaulted.

Plaintiff's claims call into question the reasonableness of defendants' actions. Accordingly, plaintiff is entitled to conduct discovery as it relates to defendants' claim of qualified immunity.

**IV.   Conclusion.**

As defendants have failed to provide any specific objections or to respond to plaintiff's motion to compel, the Court GRANTS plaintiff's motion to compel (D.E. 100) in

part and defendants are hereby ordered to respond to plaintiff's interrogatories **within twenty (20) days of the date of entry of this Order**. Defendants' motion for protection (D.E. 94) is denied as it relates to the reasonableness of defendants' actions, what they knew about plaintiff's medical condition or threats against him, and what actions they took in regards to his requests for attending doctor visits/blood pressure monitoring and/or seeking safe-keeping status. To the extent plaintiff's interrogatories go beyond these issues, defendants' motion for protection is granted.

All relief not granted by this order is DENIED.

ORDERED this 18th day of April, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE