IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CLYDE JOE PARKER,** § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | CA C-06-434 |
| § | | |
| **KELLI WARD, ET AL.,** § | | |
| Defendants. § | | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently incarcerated at TDCJ-CID's Polunsky Unit in Livingston, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendant/prison officials at the McConnell Unit were deliberately indifferent to his serious medical needs and failed to protect him from harm by other inmates. (D.E. 1). Pending is plaintiff's motion for reconsideration of the denial of counsel (D.E. 159). Because the earlier motion for appointment of counsel was denied without prejudice, plaintiff's motion will be treated as a second motion for the appointment of counsel.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick,

26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not overly complex. According to plaintiff, defendants failed to provide proper medical treatment to him, and, after being notified plaintiff was at risk of harm by other inmates, failed to protect him from such harm. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. Several conference calls have been held in this case, and plaintiff has demonstrated that he is better equipped than most inmates to conduct discovery and file motions. He is able to use the law library. Plaintiff clearly understands his claims and what evidence is necessary to prove those claims. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and

in cross-examination. Examination of this factor is premature because the case has not yet been set for trial. This factor will be reexamined if the case survives summary judgment and is set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 159) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 18th day of November, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE